**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**PHILLIPPI S. LOWE,**
    **Plaintiff,**

vs.                                                     **Case No: 3:06cv100/MCR/MD**

**RICHARD N. SMITH, et al.,**
    **Defendants.**

---

### **ORDER**

    This cause is before the court upon plaintiff filing a pleading entitled "Motion Justice Demand the Removal of Magistrate Judge Miles Davis and Objection to Initial Scheduling Order of Discovery as Abuse of Process" (doc. 38). The court construes the motion as one for recusal and for vacatur of the initial scheduling order.

    Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard under § 455 is objective and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation omitted). Bias sufficient to disqualify a judge must be personal rather than judicial unless the judicial conduct "reveal[s] an antipathy . . . intense enough to make fair judgment impossible." *Onishea v. Hopper*, 126 F.3d 1323, 1340, (11th Cir. 1997), *vacated on other grounds*, 133 F.3d 1377 (11th Cir. 1998); *see also First Alabama Bank of Montgomery v. Parsons Steele*, 825 F.2d 1475 (11th Cir. 1987), *cert. denied, McGregor v. First Alabama Bank of Montgomery*, 484 U.S. 1060, 108 S.Ct. 1015, 98 L.Ed.2d 980 (1988); *United States v. Meester*, 762 F.2d 867, 884-85 (11th Cir. 1985). In the instant case, plaintiff's motion offers no basis for recusal. He neither claims nor

alleges facts to suggest personal bias. The issuance of the initial scheduling order (doc. 36) provides no basis for recusal.

Plaintiff asks that the initial scheduling order be stricken as "abuse of the process, abuse of discretion, bad faith design to harass, cause unnecessary delay unreasonable or unduly burdensome and trying to aid the Defendants/Defendants['] Attorney or etc." The provisions of the initial scheduling order are entirely consistent with the Federal Rules of Civil Procedure. The order is a standard order issued routinely in every civil case, and applies equally to all parties.

Accordingly, it is ORDERED:

Plaintiff's motion for recusal and to vacate the initial scheduling order (doc. 38) is DENIED. The initial scheduling order (doc. 36) remains in full force and effect.

DONE AND ORDERED this 13th day of October, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**